IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01668-BNB

MR. MARION ORNESTUS HARPER III,

    Plaintiff,

v.

CORTEZ POLICE DEPARTMENT,
SGT. ANGELO MARTINEZ,
MONTEZUMA CO. SHERIFF'S DEPARTMENT,
SHERIFF DENNIS SPRUELL,
SOUTHWEST MEMORIAL HOSPITAL,
DR. MARK TURPEN, and
MR. PAUL LEMON, Lemon Tree, Inc.,

    Defendants.

ORDER OF DISMISSAL

Plaintiff, Marion Ornestus Harper, III, initiated this action by filing *pro se* a complaint (ECF No. 1).  On June 16, 2014, Mr. Harper filed an amended complaint (ECF No. 5).  On July 3, 2014, Magistrate Judge Craig B. Shaffer ordered Mr. Harper to file a second amended complaint that clarifies who he is suing and the claims he is asserting.  With respect to the claims being asserted, Magistrate Judge Shaffer determined the amended complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Mr. Harper failed to provide a short and plain statement of his claims showing he is entitled to relief.  Magistrate Judge Shaffer warned Mr. Harper that, if he failed to file a second amended complaint that complies with the pleading requirements of Rule 8, the action would be dismissed

without further notice.  On July 21, 2014, Mr. Harper filed a second amended complaint (ECF No. 11) pursuant to 42 U.S.C. § 1983.  He seeks damages as relief.

The Court must construe the second amended complaint liberally because Mr. Harper is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the action will be dismissed.

The Court has reviewed the second amended complaint and finds that Mr. Harper still fails to comply with the pleading requirements of Rule 8.  The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced

by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Harper asserts three broad claims for relief in the second amended complaint against the Cortez Police Department, Sgt. Angelo Martinez of the Cortez Police Department, the Montezuma County Sheriff's Department, Montezuma County Sheriff Dennis Spruell, Southwest Memorial Hospital, Dr. Mark Turpen, and Paul Lemon. Mr. Harper identifies Paul Lemon as the owner of Lemon Tree Realty, which apparently owns an apartment unit Mr. Harper rented. Mr. Harper sets forth in support of each broad claim a variety of vague, conclusory, and disjointed factual allegations that do not comply with the pleading requirements of Rule 8 because the vague, conclusory, and disjointed factual allegations do not provide a short and plain statement of each specific claim he is asserting against each named Defendant.

Mr. Harper contends in claim one that his Fourth and Fifth Amendment rights have been violated in the following ways: Sgt. Martinez and Mr. Lemon illegally entered Mr. Harper's home on June 18, 2012, searching for illegal contraband without a warrant or any authority to enter the premises; the Cortez Police Department illegally entered Mr. Harper's home on July 8, 2012, without legal authority or probable cause to believe a crime had been committed; Sgt. Martinez arrested Mr. Harper on July 30, 2013, in the emergency room at Southwest Memorial Hospital, dragged him out of the hospital, and left him unconscious in a city park; Sgt. Martinez and other police officers who are not named as defendants illegally stopped and searched Mr. Harper on February 22, 2014;

Mr. Lemon misled law enforcement officers about the legality of entering Mr. Harper's home; and Mr. Lemon denied Mr. Harper access to his personal property for nearly three months.

Mr. Harper contends in claim two that his Fifth Amendment rights have been violated in the following ways:  Montezuma County Undersheriff Robin Cronk, who is not named as a defendant, conspired with the Cortez Police Department and Mr. Lemon to falsify a writ of restitution to evict Mr. Harper from his home on June 18, 2012; Undersheriff Cronk conspired with the Cortez Police Department and Mr. Lemon to enter Mr. Harper's home illegally on July 8, 2012; Mr. Lemon ransacked Mr. Harper's home and confiscated personal property; Mr. Lemon discriminated on the basis of race from March 1, 2007, to April 1, 2013, and slandered Mr. Harper in the realty community, which caused Mr. Harper and his family to be homeless from April 2013 to May 2014; Mr. Harper was assaulted by other inmates in December 2012 while he was being held by the Montezuma County Sheriff's Department and he was denied medical care in retaliation for filing a federal lawsuit in 2012; Mr. Harper was placed in an isolation cell for one week after being transported to the Montezuma County Detention Facility on July 30, 2013, and denied contact with an attorney and the Colorado Public Defender's office; and Mr. Harper was denied medical care by the Montezuma County Sheriff's Department.

Mr. Harper contends in claim three that his rights have been violated in the following ways:  Dr. Turpen refused to examine Mr. Harper on each and every visit to the emergency room at Southwest Memorial Hospital; Dr. Turpen denied Mr. Harper treatment on July 30, 2013, for head trauma because Mr. Harper filed a discrimination

complaint with the Colorado Department of Regulatory Agencies in 2012; emergency medical technician Scott Anderson, who is not named as a defendant, threatened Mr. Harper on April 26, 2014, with insertion of a catheter and sexually assaulted Mr. Harper by stripping him naked while he was strapped to a gurney; and Southwest Memorial Hospital was negligent in failing to protect Mr. Harper from sexual assault while being treated in the emergency room.

Even construing the second amended complaint liberally Mr. Harper fails to provide a short and plain statement of his claims showing he is entitled to relief. In short, Mr. Harper's vague, conclusory, and disjointed factual allegations do not give Defendants fair notice of the specific claims being asserted against them.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Because Mr. Harper fails to provide a clear and concise statement of the claims he is asserting, the Court finds that the second amended complaint must be dismissed for failure to file an amended pleading that

complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint (ECF No. 1), the amended complaint (ECF No. 5), the second amended complaint (ECF No. 11), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Harper failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  19th  day of    August        , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court